ROB BONTA
Attorney General of California
HARINDER K. KAPUR
Senior Assistant Attorney General
JOSHUA B. EISENBERG
Supervising Deputy Attorney General
GREGORY M. CRIBBS
Deputy Attorney General
State Bar No. 175642
  300 South Spring Street, Suite 1702
  Los Angeles, CA 90013-1230
  Telephone: (213) 269-6259
  E-mail: Gregory.Cribbs@doj.ca.gov
*Attorneys for Defendant*
*Rob Bonta, Attorney General of California*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **URBAN THERAPIES MANUFACTURING, LLC,** California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> **NICOLE ELLIOT In Her Official Capacity As Director Of The State Of California's Department Of Cannabis Control; ROBERT BONTA In His Official Capacity As Attorney General Of The State Of California; and DOES 1-10, Inclusive,** <br><br> Defendants. | 3:23-cv-01924-TWR-AHG <br><br> **ATTORNEY GENERAL ROB BONTA'S NOTICE OF MOTION TO DISMISS; MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** <br><br> Date: April 4, 2024 <br> Time: 1:30 p.m. <br> Courtroom: 3A <br> Judge: Hon. Todd W. Robinson <br> Trial Date: Not set <br> Action Filed: October 19, 2023 |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 3
    I.    Introduction and Summary ................................................................... 3
    II.   Background Facts ................................................................................. 3
    III.  Pertinent Law ....................................................................................... 4
           A.    Fed. R. Civ. P. 12(b)(6) ............................................................ 4
           B.    Fed. R. Civ. P. 12(b)(6) and Rule 8 Pleading Requirements ................................................................................ 5
           C.    Fed. R. Civ. P. 12(b)(1) ............................................................ 6
           D.    Applications of Fed. R. Civ. P. 12(b)(1) .................................. 6
                 1.    Sufficient Facts and Allegations .................................... 6
                 2.    Eleventh Amendment Immunity .................................... 7
    IV.  Argument ............................................................................................ 7
           A.    The Attorney General Should be Dismissed Under Rule 12(b)(6) Because the Complaint Against Him Fails to Comply with the Pleading Requirements of Rule 8 ..................... 7
           B.    The Eleventh Amendment Bars All of Plaintiff's Claims Against the Attorney General ...................................................... 8
    V.   Conclusion ......................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

CASES

*Artichoke Joe's v. Norton*
216 F. Supp. 2d 1084 (E.D. Cal. 2002) ...................................................................7

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ............................................................................... 5, 6, 7

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ......................................................................................5, 6

*Brazil v. U.S. Dep't of Navy*
66 F.3d 193 (9th Cir. 1995) ...................................................................................7

*Cardenas v. Anzai*
311 F.3d 929 (9th Cir. 1999) ................................................................................7

*Church v. Missouri*
913 F.3d 736 (8th Cir. 2019) .............................................................................8, 9

*Erickson v. Pardus*
551 U.S. 89 (2007) (per curiam) ...........................................................................5

*Fitts v. McGhee*
172 U.S. 516 (1899) ..............................................................................................9

*Gant v. Cnty. of L.A.*
772 F.3d 608 (9th Cir. 2014) ................................................................................4

*Hearns v. San Bernardino Police Dep't*
530 F.3d 1124 (9th Cir. 2008) ..............................................................................7

*Ileto v. Glock Inc.*
349 F.3d 1191 (9th Cir. 2003) ..............................................................................4

*Indus. Tectonics, Inc. v. Aero Alloy*
912 F.2d 1090 (9th Cir. 1990) ..............................................................................6

*Ivey v. Bd. of Regents of Univ. of Alaska*
673 F.2d 266 (9th Cir. 1982) ................................................................................5

## TABLE OF AUTHORITIES
### (continued)

Page

*Knapp v. Hogan*
738 F.3d 1106 (9th Cir. 2013) ...................................................................................7

*Kokkoen v. Guardian Life Ins. Co. of Amer.*
511 U.S. 375 (1994) ....................................................................................................6

*L.A. Cty. Bar Ass'n v. Eu*
979 F.2d 697 (9th Cir. 1992) ....................................................................................9

*Li v. Kerry*
710 F.3d 995 (9th Cir. 2013) ....................................................................................5

*Long v. Van de Kamp*
961 F.2d 151 (9th Cir. 1992) ...................................................................................10

*Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*
714 F.2d 946 (9th Cir. 1983) ....................................................................................9

*Moss v. U.S. Secret Service*
572 F.3d 962 (9th Cir. 2009) ....................................................................................5

*Nichols v. Brown*
859 F. Supp. 2d 1118 (C.D. Cal. 2012) ..................................................................9

*Okpalobi v. Foster*
244 F.3d 405 (8th Cir. 2001) (en banc) ..................................................................9

*Pennhurst State Sch. & Hosp. v. Halderman*
465 U.S. 89 (1984) ......................................................................................................8

*Safe Air for Everyone v. Meyer*
373 F.3d 1035 (9th Cir. 2004) .................................................................................6

*Seminole Tribe of Fl. V. Florida*
517 U.S. 44 (1996) .....................................................................................................8

*Snoeck v. Brussa*
153 F.3d 984 (9th Cir. 1998) ..................................................................................10

*Sofamor Danek Group, Inc. v. Brown*
124 F.3d 1179 (9th Cir. 1997) .................................................................................7

# TABLE OF AUTHORITIES
## (continued)

Page

*Somers v. Apple, Inc.*
   729 F.3d 953 (9th Cir. 2013) ..................................................................................4

*Sprewell v. Golden State Warriors*
   266 F.3d 979 (9th Cir. 2001) ..................................................................................5

*Summitt Med. Assocs. P.C. v. Pryor*
   180 F.3d 1326 (11th Cir. 1999) ..............................................................................9

*Swierkiewicz v. Sorema N. A.*
   534 U.S. 506 (2002)................................................................................................7

*Ex parte Young*
   209 U.S. 123 (1908)................................................................................... 1, 3, 9, 10

**STATUTES**

California Business and Professions Code
   § 26001.....................................................................................................................3
   § 26001, subd. (ad).................................................................................................3
   § 26001, subd. (ae).................................................................................................3
   § 26051.....................................................................................................................3

Medicinal and Adult-Use Cannabis Regulation and Safety Act.................. 4, 8, 9, 10

National Labor Relations Act ........................................................................................4

**CONSTITUTIONAL PROVISIONS**

United States Constitution
   Fifth Amendment ....................................................................................................4
   Eleventh Amendment....................................................................................... *passim*
   Fourteenth Amendment ..........................................................................................4

# TABLE OF AUTHORITIES
## (continued)

Page

**COURT RULES**

Federal Rules of Civil Procedure
    Rule 8 ................................................................................................... 5, 7, 8, 9
    Rule 8(a)(2) .................................................................................................... 7
    Rule 8(d)(1) .................................................................................................... 7
    Rule 12(b)(1) ......................................................................................... 1, 6, 7
    Rule 12(b)(6) ........................................................................................ *passim*

**OTHER AUTHORITIES**

California Code of Regulations, Title 4
    § 15002 ........................................................................................................... 3
    § 15023 ........................................................................................................... 3
    § 17801 ........................................................................................................... 3

## NOTICE OF MOTION AND MOTION TO DISMISS

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 4, 2024, at 1:30 p.m., in the above-entitled court, Defendant Rob Bonta, Attorney General of the State of California (hereinafter the "Attorney General") will and hereby does move for an order dismissing the entire action, with prejudice, as to the Attorney General.

This Motion is brought pursuant to Rule 12(b)(1) and Rule 12(b)(6) on the grounds that Urban Therapies Manufacturing, LLC (hereinafter, "Plaintiff") fails to plead a claim against the Attorney General because it does not allege injury and causation traceable to him. In addition, the Attorney General is immune from liability, without *Ex parte Young* exception, pursuant to the Eleventh Amendment to the U.S. Constitution.

Pursuant to Courtroom 3A's "Standing Order for Civil Cases," for the Honorable Todd W. Robinson, counsel for moving party, the Attorney General, hereby provides the following statement of compliance with the Motion Practice good faith meet and confer requirement:

On October 27, 2023, counsel for the Attorney General, Deputy Attorney General (hereinafter, "DAG") Gregory M. Cribbs, organized a conference call with Plaintiff's counsel, Tamara Rozmus and Gina M. Austin, in an attempt to meet and confer. No resolution was reached during the telephone conference. On that same day, DAG Cribbs memorialized the telephone conference in writing, via email, in a further attempt to meet and confer. On November 2, 2023, Tamara Rozmus responded via email and informed DAG Cribbs that Plaintiff's counsel "did not presently have authorization to dismiss Attorney General Bonta." On that same day, DAG Cribbs responded to Tamara Rozmus, in a further attempt to meet and confer, and provided further explanation and authority why voluntary dismissal of the Attorney General was warranted. Plaintiff's counsel did not respond to this

| | |
|---|---|
| 1 | further attempt to meet and confer. Thus, counsel were not able to reach a |
| 2 | resolution as to the motion to dismiss the Attorney General. |
| 3 |     This Motion is based on this Notice, the Memorandum of Points and |
| 4 | Authorities in support thereof, the papers and pleadings on file in this action, and |
| 5 | such oral argument as may be presented at the hearing. |

Dated: November 14, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California
HARINDER K. KAPUR
Senior Assistant Attorney General
JOSHUA B. EISENBERG
Supervising Deputy Attorney General

*/s/ signature/*

GREGORY M. CRIBBS
Deputy Attorney General
*Attorneys for Defendant
Rob Bonta, Attorney General of California*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY

Plaintiff's "Complaint for Declaratory and Injunctive Relief" (hereinafter, "Complaint") seeks this Court's declaration that certain portions of the State's statutory and regulatory schemes,[1] referred to collectively as the Labor Peace Agreement sections (hereinafter, "LPA Sections"), are "unconstitutional under the United States Constitution." Complaint ("Compl."), ¶ 1. In doing so, Plaintiff simply names the Attorney General in the Complaint caption and introductory paragraph, but does not identify any alleged duty or authority of the Attorney General in connection with the LPA Sections, or *any* alleged wrongful conduct. Compl., ¶¶ 1-2. In fact, the Attorney General is not even discussed anywhere in the Complaint as a "party" to this action. Compl., ¶¶ 5-7.

Moreover, the Complaint against the Attorney General warrants dismissal because Plaintiff cannot legitimately invoke the *Ex parte Young* exception to the Attorney General's immunity from suit under the U.S. Constitution's Eleventh Amendment (hereinafter, the "Eleventh Amendment"), because Plaintiff has not alleged any enforcement authority that the Attorney General has over the LPA Sections or any violations of federal law by the Attorney General.

In sum, the Attorney General should be dismissed from this matter with prejudice.

## II. BACKGROUND FACTS

Plaintiff asserts that it (1) is a limited liability company that manufactures cannabis, (2) is a "licensee" as defined in California Business and Professions Code section 26001, subdivision (ad), and, (3) is subject to California Department of Cannabis Control ("DCC") regulations as the "licensing authority" pursuant to California Business and Professions Code section 26001, subdivision (ae). Compl.,

---

[1] California Business and Professions Code sections 26001 and 26051 and Title 4, California Code of Regulations, sections 15002, 15023, and 17801. Compl., ¶ 1.

¶ 5. In addition, Plaintiff names as a defendant Nicole Elliot in her official capacity as the Director of DCC, which it also alleges "is the single state agency designated by the State of California for administering and enforcing the LPA Sections," and which, "evaluates whether an applicant qualifies for licensure, issues licenses, and enforces violations to include violations of the LPA Sections." Compl., ¶ 6.

Plaintiff also identifies and acknowledges that the Medicinal and Adult-Use Cannabis Regulation and Safety Act (hereinafter, "MAUCRSA"), which includes the LPA Sections, is "administered and enforced by the DCC." Compl., ¶ 10. Plaintiff further alleges that the LPA Sections are unconstitutional under the Fifth and Fourteenth Amendments to the United States Constitution, and are preempted by the National Labor Relations Act (hereinafter, "NLRA"), and various related case law. Compl., ¶¶ 48-57.

However, the Complaint contains *no* legally relevant mention of, let alone allegations against, the Attorney General, nor any indication why Plaintiff is pursuing this matter against the Attorney General. After a meet and confer between counsel, Plaintiff has refused to dismiss the Attorney General, and thus, he remains an improperly named defendant in this action.

### III. PERTINENT LAW

#### A. Fed. R. Civ. P. 12(b)(6)

A defendant is entitled to dismissal of an action under Federal Rule of Civil Procedure 12(b)(6) (hereinafter, "Rule 12(b)(6)") where the plaintiff (1) has failed to state a cognizable legal theory, or (2) has alleged insufficient facts under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). In evaluating a Rule 12(b)(6) motion, the court accepts as true all material facts alleged in the complaint and interprets them in the light most favorable to the non-moving party. *Gant v. Cnty. of L.A.*, 772 F.3d 608, 614 (9th Cir. 2014). However, the court does not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations." *Ileto v. Glock Inc.*, 349

4

F.3d 1191, 1200 (9th Cir. 2003); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (explaining that the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

"Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that to survive a Rule 12(b)(6) motion to dismiss, the pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level").

### B.    Fed. R. Civ. P. 12(b)(6) and Rule 8 Pleading Requirements

"Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires not only 'fair notice of the nature of the claim, but also grounds on which the claim rests.'" *Li v. Kerry*, 710 F.3d 995, 998-999 (9th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[']" does not satisfy the pleading requirements under Rule 8 of the Federal Rules of Civil Procedure (hereinafter, "Rule 8"). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

Under Rule 8 a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to the relief." The Supreme Court has explained the pleading requirements of Rule 8 and the requirements for surviving a Rule 12(b)(6) motion to dismiss in *Iqbal*, 556 U.S. 662, *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam), and *Twombly*, 550 U.S. 544; see also *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009). The Rule 8 pleading standard does not require "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); see also *Erickson*, 551 U.S. at 93; *Moss*, 572 F.3d at 968. However, a complaint does not meet the pleading standard if it contains merely

5

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### C.  Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) (hereinafter, "Rule 12(b)(1)") permits dismissal of a complaint for lack of subject-matter jurisdiction. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A Rule 12(b)(1) motion may be a facial attack asserting "that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. Even though a Rule 12(b)(1) motion is brought by a litigant seeking dismissal of an adverse complaint for lack of subject-matter jurisdiction, "[t]he [opposing] party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). In effect, the court presumes lack of jurisdiction until the party invoking the court's jurisdiction proves otherwise. *Kokkoen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 377 (1994).

### D.  Applications of Fed. R. Civ. P. 12(b)(1)

A Rule 12(b)(1) motion is appropriately used to resolve at least two kinds of subject-matter jurisdiction issues which are applicable here: (1) allegations must be sufficient enough to plausibly – not merely possibly – allow the reasonable inference that the defendant is liable for the misconduct alleged, and/or (2) immunity under the Eleventh Amendment to the U.S. Constitution.

#### 1.  Sufficient Facts and Allegations

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(1) and/or Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court need not accept legal conclusions as true. *Iqbal*, 556 U.S. at 678. The complaint must contain sufficient factual matter,

6

accepted as true, to plausibly – not merely possibly – allow the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678-679.

### 2. Eleventh Amendment Immunity

The Eleventh Amendment generally bars lawsuits in federal courts against officials of U.S. states, without the officials' consent. *See Cardenas v. Anzai*, 311 F.3d 929, 934 (9th Cir. 1999); *Artichoke Joe's v. Norton*, 216 F. Supp. 2d 1084, 1110-11 (E.D. Cal. 2002). Eleventh Amendment immunity is properly determined on a Rule 12(b)(1) motion. *See Sofamor Danek Group, Inc. v. Brown*, 124 F.3d 1179, 1183 n.2 (9th Cir. 1997).

## IV. ARGUMENT

### A. The Attorney General Should be Dismissed Under Rule 12(b)(6) Because the Complaint Against Him Fails to Comply with the Pleading Requirements of Rule 8

Plaintiff's Complaint against the Attorney General should be dismissed because it does not meet the pleading requirements set forth in Rule 8. Rule 8 requires a plaintiff to set forth a short and plain statement of each of its claims showing that it is entitled to relief, as well as allegations that are simple, concise, and direct. Fed. R. Civ. P., §§ 8(a)(2), 8(d)(1); see also *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1127 (9th Cir. 2008) (characterizing the requirements set forth in Rule 8(a)(2) as a "right and duty of a plaintiff initiating a case"). Dismissal is appropriate if a complaint does not comply with these pleading requirements. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). Even applying liberal pleading standards, "pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Hence, Rule 8 mandates that plaintiff allege facts that demonstrate how it was denied its constitutional rights, *and by whom.* See *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (reiterating that Rule 8(a)(2) requires complaints to

contain a statement that gives each defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests" (italics added).

Plaintiff's Complaint fails to satisfy the requirements of Rule 8. Despite identifying the Attorney General in the caption and introductory paragraph, the Complaint fails to identify the Attorney General as a party in the relevant section of the Complaint, and contains no allegations against the Attorney General. Tellingly, the Complaint does not plead any facts or allegations that the Attorney General engaged in alleged wrongful conduct and/or that he has any involvement with, or authority over the LPA Sections set forth in MAUCRSA. In short, and among other things, the complete lack of such facts and allegations preclude the Attorney General from mounting a defense to Plaintiff's purported claims. Moreover, at a minimum, Rule 8 mandates that Plaintiff identify the responsible party or parties, and allege facts that connect the identified responsible party or parties to a violation of law. Such a *minimum* pleading requirement would provide the Attorney General fair notice of what the Plaintiff's claims are and the factual basis upon which they rest. As illustrated above, the complete lack of any facts or allegations pled against a party is simply not permissible under the Federal Rules of Civil Procedure, and the Complaint against the Attorney General should be dismissed.

### B. The Eleventh Amendment Bars All of Plaintiff's Claims Against the Attorney General

Sovereign immunity generally prohibits lawsuits against states and state officers in federal court. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Sovereign immunity bars all suits against the state regardless of the relief sought, including declaratory and injunctive relief. *See id.* at 101; *Seminole Tribe of Fl. V. Florida,* 517 U.S. 44, 58 (1996). State sovereign immunity applies unless the state has unequivocally consented to such a suit or Congress has abrogated the state's immunity. *See, e.g., Church v. Missouri,* 913 F.3d 736, 743 (8th Cir. 2019). Neither has happened here.

The Supreme Court has recognized a limited exception to Eleventh Amendment sovereign immunity in *Ex parte Young*, 209 U.S. 123 (1908), which permits actions for prospective declaratory or injunctive relief against state officers sued in their official capacities for their alleged violations of federal law. Even assuming *Ex parte Young's* exception can apply to overcome a state's general sovereign immunity, its requirements are not met here. For the *Ex parte Young* exception to apply, the state official sued must have direct responsibility for enforcement of the allegedly unconstitutional statute. *Okpalobi v. Foster*, 244 F.3d 405, 416-417 (8th Cir. 2001) (en banc); *Summitt Med. Assocs. P.C. v. Pryor*, 180 F.3d 1326, 1341-42 (11th Cir. 1999). General executive responsibility or general enforcement powers are not enough. *See, e.g., Church*, 913 F.3d at 748; *Fitts v. McGhee*, 172 U.S. 516, 530 (1899); *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992).

Here, Plaintiff has made *no* allegations that the Attorney General has *any* connection to the administration or enforcement of the LPA Sections set forth in MAUCRSA. Even assuming that Plaintiff had alleged any such general enforcement powers of the Attorney General, which they did not, the pleading would still be insufficient under Rule 8.

"It is well established that 'a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit.'" *Nichols v. Brown*, 859 F. Supp. 2d 1118, 1131–32 (C.D. Cal. 2012) (quoting *Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998); *see also Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 714 F.2d 946, 953 (9th Cir. 1983) (holding the governor's "general duty to enforce California law ... does not establish the requisite connection between him and the unconstitutional acts" alleged in suit). Unless the state officer has some responsibility to enforce the statute or provision at issue, the "fiction" of *Ex parte Young* cannot operate. Only if a state officer has the authority to enforce

9

an unconstitutional act in the name of the state can the Supremacy Clause be invoked to strip the officer of official or representative character and subject them to the individual consequences of their conduct. *See id.* at 159–60.

For a state official to be legitimately subject to a lawsuit in federal court challenging the official's oversight of a state law (in the "*Ex parte Young*" exception to the Eleventh Amendment), not only must the official have a "fairly direct" connection with the enforcement of the law, but also "there must be a real threat of enforcement… Absent a real likelihood that the state official will employ his [or her] powers against plaintiffs' interests, the Eleventh Amendment bars federal court jurisdiction." *Long v. Van de Kamp,* 961 F.2d 151, 152 (9th Cir. 1992); *Snoeck v. Brussa,* 153 F.3d 984, 987 (9th Cir. 1998) ("[T]he officers of the state must…threaten or be about to commence civil or criminal proceedings to enforce an unconstitutional act").

Here, Plaintiff has made no mention of any powers or acts of the Attorney General in its Complaint, let alone any allegations that the Attorney General has involvement and/or enforcement powers as it relates to the LPA Sections of MAUCRSA. For that reason, under the Eleventh Amendment jurisprudence cited above, the Attorney General is immune to Plaintiff's Complaint.

## V.  CONCLUSION

Plaintiff has brought this lawsuit against the Attorney General alleging that the LPA Sections, within the MAUCRSA statutory and regulatory schemes, are "unconstitutional under the United States Constitution." However, Plaintiff has asserted *no* facts, and has made *no* allegations that the Attorney General has any enforcement powers over, or any involvement with the LPA Sections of MAUCRSA. Moreover, the Eleventh Amendment bars the case against the

///
///
///

10

1 | Attorney General.

3 | Dated: November 14, 2023                    Respectfully submitted,

ROB BONTA
Attorney General of California
JOSHUA B. EISENBERG
Supervising Deputy Attorney General

GREGORY M. CRIBBS
Deputy Attorney General
*Attorneys for Defendant*
*Rob Bonta, Attorney General of*
*California*

SA2023803255
66376078.docx

# CERTIFICATE OF SERVICE

| | | | |
|---|---|---|---|
| Case Name: | Urban Therapies Manufacturing, LLC v. DCC, et al. | No. | **3:23-cv-01924-TWR-AHG** |

I hereby certify that on <u>November 14, 2023</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**ATTORNEY GENERAL ROB BONTA'S NOTICE OF MOTION TO DISMISS; MOTION; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>November 14, 2023</u>, at Los Angeles, California.

| | |
|---|---|
| Cecilia Apodaca | *Cecilia Apodaca* |
| Declarant | Signature |

SA2023803255
66376220.docx